# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH ANTONE DIXON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-21-910-SLP |
| ) | |
| SCOTT CROW, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, filed a petition for habeas corpus relief under 28 U.S.C. § 2254.  (Doc. 1).[1]  United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  (Doc. 3).  For the following reasons, the undersigned recommends that the Court **DISMISS** this action without prejudice to the re-filing.

**I.    Discussion**

Petitioner filed this action on September 10, 2021.  (Doc. 1, at 16).  He neither paid the $5.00 filing fee, *see* 28 U.S.C. § 1914(a), nor filed a motion requesting leave to proceed without prepayment of fees or costs (an *in forma pauperis* or "IFP" motion) *see* 28 U.S.C. § 1915(a).  On September 27, 2021, the undersigned ordered Petitioner to cure these deficiencies on or before October 18, 2021.  (Doc. 4).  The court advised Petitioner that "[f]ailure to comply with this Order may result in the dismissal of this action."  (*Id.* at 2).

---

[1] Citations to a court document are to its electronic case filing designation and pagination.  Quotations are verbatim unless indicated.

Petitioner was provided the necessary forms to allow him to comply with the order. (*Id.*) A review of the court file indicates that as of this date, Petitioner has failed to either pay the filing fee or to file an IFP motion, and he has failed to show good cause for his failure to do so, or to request an extension of time to comply with the court's order.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order." *See also Huggins v. Supreme Court of the United States*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (recognizing court's authority to dismiss actions *sue sponte* under Rule 41(b)). If the dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014) (explaining that a district court may, without abusing its powers, dismiss a case without prejudice pursuant to Fed. R. Civ. P. 41(b) without attention to any particular procedures).

A plaintiff's failure to comply with court orders leaves the court unable "to achieve orderly and expeditious" resolutions to the actions before it. *Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative); *see also Rogers v. Ganja*, 47 F. App'x 900, 901 (10th Cir. 2002) ("Since [Plaintiff] received proper notice of the IFP requirements and sufficient time to cure, the district court did not abuse its discretion in dismissing the complaint without prejudice.").

Therefore, in light of the court's right and responsibility to manage its cases, the undersigned finds that Petitioner's failure to pay the filing fee and to comply with the court's order warrants dismissal of this action without prejudice. As outlined above, the court has provided Plaintiff sufficient notice of the possibility of dismissal, as well as an additional response opportunity through objection to this Report and Recommendation.

## II.  Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that this action be **DISMISSED** without prejudice to the re-filing for Petitioner's failure to pay the filing fee and to comply with the court's order.  **Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by November 23, 2021,** in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

ENTERED this 2nd day of November, 2021.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE